IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| NORMAN BRADLEY, ) | C/A: 3:08-3884-CMC |
| ) | |
| Plaintiff, ) | OPINION AND ORDER |
| ) | SUA SPONTE REMAND |
| v. ) | |
| ) | |
| JUST CARE, INC. d/b/a COLUMBIA ) | |
| CARE CENTER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter was removed to this court based on an assertion of subject matter jurisdiction under 29 U.S.C. § 1332. For the reasons set forth above, the court concludes that Defendant is not diverse from Plaintiff. Subject matter jurisdiction is, therefore, lacking and the matter is remanded to the state court from which it was removed.

**BACKGROUND**

The initial removal papers failed to disclose Defendant's principal place of business. *See* Dkt. No. 1. The court, therefore, directed Defendant to supplement its removal papers with this information. Dkt. No. 9. Defendant timely complied with this directive explaining as follows:

> [Defendant] is a corporation organized and incorporated pursuant to the laws of the State of Delaware and its corporate headquarters and principal place of business are located in Montgomery, Alabama. Just Care's flagship facility is the Columbia Regional Care Center ("CRCC"), which is located in Richland County, South Carolina, and the events giving rise to this lawsuit occurred in the CRCC. Just Care is not a South Carolina citizen and it is the only Defendant in the State Court action.

Dkt. No. 10.

Defendant's disclosure that its "flagship" facility was located within South Carolina (Plaintiff's state of citizenship) raised concerns as to Defendant's true center of operations. The court, therefore, asked for additional clarification through a docket text order which read as follows:

> ORDER: Although subject matter jurisdiction in this action is premised on diversity of citizenship, Defendant did not initially disclose its principal place of business. In response to the court's order directing that this failure be cured, Defendant informed the court that its corporate headquarters are in Alabama but its "flagship" facility is in South Carolina. *Additional clarification is necessary as to the activities conducted in these two states to allow the court to apply the "place of operations" test applied in this circuit. See Athena Automotive, Inc., v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999) ("[W]hen the corporation has 'multiple centers of manufacturing, purchasing or sales,' we apply the 'place of operations test,' focusing on 'the place where the bulk of corporate activity takes place.'"). Wherefore, no later than December 30, 2009, Defendant shall file a supplement to its jurisdictional statement summarizing its activities and operations, including the number of employees, for both South Carolina and Alabama.

Dkt. No. 13.

Defendant responded to this order, advising the court as follows:

> At the time of the incident at issue in this lawsuit (January 11, 2008), Just Care had two hundred and seventy six (276) employees at the Columbia Regional Care Center ("CRCC") in South Carolina and seven (7) employees at its corporate headquarters in Montgomery, Alabama. CRCC is Just Care's flagship facility and the day to day patient care operations of Just Care are handled at CRCC. However, virtually all other corporate activity takes place at Just Care's corporate headquarters in Alabama, including marketing, development, corporate finance, administration, banking, cash management, insurance, tax and legal functions, as well as marketing and development for future Just Care locations.

Dkt. No. 14.

### STANDARD

The party removing an action bears the burden of demonstrating that jurisdiction properly rests with the court at the time the petition for removal is filed. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938); *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed. *Mulcahey,* 29 F.3d at 151. If federal jurisdiction is doubtful, remand is necessary. *Id.*

To be removable to federal court, a state action must be within the original jurisdiction of the district court. *See* 28 U.S.C. § 1441. District courts have original jurisdiction "where the matter

2

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1).

A corporation is a citizen of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). In this circuit, courts apply one of two tests to determine a corporation's principal place of business, the "nerve center test" or the "place of operations" test:

> For instance, when a corporation engages primarily in the ownership and management of geographically diverse investment assets, we apply the "nerve center test," which establishes the corporation's principal place of business as the place where the corporation "makes the 'home office,' or place where the corporation's officers direct, control, and coordinate its activities." . . . But when the corporation has "multiple centers of manufacturing, purchasing, or sales," we apply the "place of operations test," focusing on "the place where the bulk of corporate activity takes place."

*Athena Automotive, Inc., v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999).

## DISCUSSION

The nerve center test is not appropriate in this action because Defendant is not engaged "primarily in the ownership and management of geographically diverse investment assets." Rather, it produces its income by providing health care services at one or more places of operation. For purposes of the jurisdictional analysis, this makes it more similar to a corporation which produces income through "manufacturing, purchasing, or sales." Thus, this court looks to the "center" of where those services are provided. From Defendant's responses to this court's inquiries, it appears that Defendant's health-care services are provided *entirely* within the State of South Carolina at its self-described "flagship facility" which employs 276 individuals. That the seven individuals employed at its headquarters in Alabama may be responsible for "virtually all other corporate activity" is insufficient to shift the center of operations to that state under the "place of operations

3

test."[1]  *See generally Peak Medical Oklahoma No. 5, Inc. v. Collins,* 237 F. Supp. 2d 1287 (N.D. Okla. 2002) (finding principal place of business of corporation which owned nursing home to be state in which its five nursing homes were located rather than state in which its administrative offices were located); *Sanchez v. UHS of Puerto Rico, Inc.,* 223 F. Supp. 2d 371 (D.P.R. 2002) (finding Puerto Rico was principal place of business of corporation which managed hospital in Puerto Rico despite location of its headquarters in Pennsylvania).

## CONCLUSION

For the reasons set forth above, the court finds that Defendant's principal place of business is in South Carolina. This finding precludes a finding of diversity because Plaintiff is also a citizen of South Carolina. The court, therefore, remands the action to the state court from which it was removed. As this issue has been raised and resolved without action by Plaintiffs, the court declines to award fees, costs or expenses under 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 30, 2008

---

[1] Because there is no evidence to the contrary, the court assumes that the location of Defendant's operations were the same at the time of removal as those disclosed in its responses to the court's orders which focus, instead, on its operations at the time of the incident at issue.

4